HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILD FISH CONSERVANCY, | No. 2:19-cv-00612-JLR |
| Plaintiff, | CONSENT DECREE |
| v. | |
| WASHINGTON STATE DEPARTMENT OF FISH & WILDLIFE, et al., | |
| Defendants. | |

## I. STIPULATIONS.

On February 13, 2019, Plaintiff Wild Fish Conservancy (the "Conservancy") issued a sixty (60) day notice of intent to sue Defendants the Washington Department of Fish and Wildlife, Director Kelly Susewind, in his official capacity as the Director of the Washington Department of Fish and Wildlife, and Commissioners Larry Carpenter, Barbara Baker, Bradley Smith, David Graybill, Jay Holzmiller, Kim Thorburn, Robert Kehoe, and Donald McIsaac, in their official capacities as Commissioners of the Washington Fish and Wildlife Commission

CONSENT DECREE - 1
No. 2:19-cv-00612-JLR

KAMPMEIER & KNUTSEN, PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

(collectively, "WDFW"), for alleged violations of Section 9 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1538;

On April 25, 2019, the Conservancy filed a complaint against WDFW for the alleged violations of section 9 of the ESA, 16 U.S.C. § 1538;

The Conservancy's notice letter and complaint allege that WDFW is in violation of Section 9 of the ESA, 16 U.S.C. § 1538, for its implementation of hatchery programs in the Puget Sound region that use a hatchery stock commonly known as Skamania hatchery summer-run steelhead;

The Conservancy's complaint seeks declaratory and injunctive relief and an award of litigation expenses, including attorney and expert fees;

WDFW denies any fault, wrongdoing, or liability for the claims and alleged violations;

Solely for the purposes of this Consent Decree, the Conservancy and WDFW (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 11(g) of the ESA, 16 U.S.C. § 1540(g);

The Parties agree that settlement of this matter is in the best interest of the Parties and the public and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving in full this action;

The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issue of fact, allegation, issue of law or legal argument regarding the claims and allegations set forth in the Conservancy's notice of intent to sue letter and complaint;

The signatories for the Parties certify that they are authorized by the party they represent to enter into these Stipulations and Consent Decree;

CONSENT DECREE - 2
No. 2:19-cv-00612-JLR

KAMPMEIER & KNUTSEN, PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

WILD FISH CONSERVANCY

By: /s/ Kurt Beardslee
Kurt Beardslee, Executive Director

KAMPMEIER & KNUTSEN, PLLC

By: /s/ Brian A. Knutsen
Brian A. Knutsen, WSBA No. 38806
Attorney for the Conservancy

WASHINGTON DEPARTMENT OF FISH & WILDLIFE, et al.

By: /s/ Kelly Susewind
Kelly Susewind, Director

OFFICE OF THE ATTORNEY GENERAL
STATE OF WASHINGTON

By: /s/ Michael S. Grossman    4/24/19
Michael S. Grossman, WSBA No. 15293
Attorney for WDFW

## II. ORDER AND DECREE.

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

### A. DEFINITIONS.

1. The term "Conservancy" refers to Plaintiff Wild Fish Conservancy.

2. The term "WDFW" refers collectively to Defendants the Washington Department of Fish and Wildlife, Director Kelly Susewind, in his official capacity as the Director of the Washington Department of Fish and Wildlife, and Commissioners Larry Carpenter, Barbara Baker, Bradley Smith, David Graybill, Jay Holzmiller, Kim Thorburn, Robert Kehoe, and Donald McIsaac, in their official capacities as Commissioners of the Washington Fish and Wildlife Commission.

3. The term "Parties" refers collectively to the Conservancy and WDFW.

4. The term "ESA" refers to the Endangered Species Act, 16 U.S.C. §§ 1531-1544.

CONSENT DECREE - 3
No. 2:19-cv-00612-JLR

KAMPMEIER & KNUTSEN, PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

5. The term "Puget Sound region" refers to Puget Sound, the Strait of Juan de Fuca, Hood Canal, and the Strait of Georgia and their tributaries, bounded to the west by the Elwha River (inclusive) and to the north by the Nooksack River and Dakota Creek (inclusive).

6. The term "Skamania hatchery steelhead" refers to the hatchery stock of summer-run steelhead that was originally derived from fish in the Washougal and Klickitat Rivers for rearing in the Skamania Hatchery located on the West Fork of the Washougal River in Washington State, including any hatchery stock derived entirely or partially from Skamania hatchery steelhead.

7. The term "notice letter" refers to the sixty (60) day notice of intent to sue issued by the Conservancy to WDFW on February 13, 2019.

8. The term "complaint" refers to the complaint the Conservancy filed in this matter on April 25, 2019.

9. The term "NMFS" refers to the National Marine Fisheries Service (also known as NOAA Fisheries Service).

10. The term "HGMP" refers to Hatchery and Genetic Management Plans prepared under 50 C.F.R. §§ 223.203(b)(5) and/or (6).

B. **GENERAL TERMS.**

11. The Court has jurisdiction over the Parties and the subject matter of this action.

12. This Consent Decree applies to, is binding on, and inures to the benefit of the Parties and their successors and assigns.

13. This Consent Decree is a settlement of disputed facts and law and shall not constitute evidence in any proceeding, an admission or adjudication with respect to any

CONSENT DECREE - 4
No. 2:19-cv-00612-JLR

KAMPMEIER & KNUTSEN, PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

allegation of the complaint or notice letter, any fact or conclusion of law with respect to any matter alleged in or arising out of the complaint or notice letter, or admissions or evidence of any wrongdoing or misconduct on the part of WDFW.

14. This Consent Decree is a full and complete settlement and release of the allegations and claims in the notice letter and complaint.

C. **SPECIFIC TERMS.**

15. WDFW shall take all actions necessary to ensure that no Skamania hatchery steelhead are released from any hatchery facility and/or hatchery program owned and/or operated by WDFW and/or the State of Washington, with the exceptions below, into any waters in the Puget Sound region from which the Skamania hatchery steelhead could potentially migrate to Puget Sound, including the Strait of Juan de Fuca, commencing upon entry of this Consent Decree and lasting until the termination of this Consent Decree, with the following exceptions:

   a. WDFW may release Skamania hatchery steelhead from the Reiter Pond rearing facility into the mainstem of the Skykomish River through December 31, 2022 subject to the following limitations:

   i. in 2019, no more than 116,000 Skamania hatchery steelhead may be released from the Reiter Pond rearing facility into the mainstem of the Skykomish River;

   ii. in 2020, no more than 116,000 Skamania hatchery steelhead may be released from the Reiter Pond rearing facility into the mainstem of the Skykomish River;

   iii. in 2021, no more than 60,000 Skamania hatchery steelhead may be released from the Reiter Pond rearing facility into the mainstem of the Skykomish River; and

CONSENT DECREE - 5
No. 2:19-cv-00612-JLR

KAMPMEIER & KNUTSEN, PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

    iv. in 2022, no more than 40,000 Skamania hatchery steelhead may be released from the Reiter Pond rearing facility into the mainstem of the Skykomish River;

  b. WDFW may release Skamania hatchery steelhead from the Whitehorse Pond rearing facility into the North Fork Stillaguamish River through December 31, 2019, subject to a limitation of no more than 90,000 Skamania hatchery steelhead; and

  c. Skamania hatchery steelhead may be released from a hatchery facility and/or hatchery program owned and/or operated by WDFW and/or the State of Washington into waters in the Puget Sound region on and after the date of NMFS's issuance of an exemption from liability under Section 9 of the ESA, 16 U.S.C. § 1538, for the specific facility and/or program from which the Skamania hatchery steelhead are released.

16. With the exception of releases in 2019, WDFW shall provide the Conservancy with fourteen (14) days' advanced written notice of WDFW's intent to release any Skamania hatchery steelhead from any hatchery facility and/or hatchery program in the Puget Sound region owned and/or operated by WDFW and/or the State of Washington. Such notice shall include the: (a) name of the hatchery program(s) providing the fish to be released; (b) number of hatchery fish to be released; (c) name of the water body in which the hatchery fish are to be released; (d) the location of the water body in which the hatchery fish are to be released; and (e) the date on which the release is to begin. These notice requirements do not apply to any releases of Skamania hatchery steelhead for which there is an effective exemption by NMFS from liability under Section 9 of the ESA, 16 U.S.C. § 1538.

17. WDFW will, in cooperation and coordination with the Conservancy, design and implement a monitoring protocol and conduct multiple systematic snorkel surveys each year of

CONSENT DECREE - 6  
No. 2:19-cv-00612-JLR

KAMPMEIER & KNUTSEN, PLLC  
221 S.E. 11th Ave., Suite 217  
Portland, Oregon 97214  
(503) 841-6515

the entire anadromous zones of the North Fork of the Skykomish River and the South Fork of the Tolt River in an effort to enumerate summer steelhead. This program shall be implemented and maintained for five years starting in summer 2019. These efforts will be funded by WDFW and are estimated to cost up to $80,000 annually.

18. WDFW shall not collect, capture, or otherwise use steelhead that are part of the South Fork Tolt River summer-run steelhead population for the development of any hatchery program prior to the termination of this Consent Decree.

19. The Conservancy shall not sue WDFW for any alleged violation of Section 9 of the ESA, 16 U.S.C. § 1536, resulting from WDFW's Skamania hatchery steelhead programs in the Skykomish River watershed and the Stillaguamish River watershed prior to the termination of this Consent Decree except that the Conservancy may sue WDFW for such alleged violations where NMFS has issued an exemption from liability under Section 9 of the ESA for the Skamania hatchery steelhead program. The Conservancy shall not encourage or participate in any third-party litigation that the Conservancy would be prohibited from pursuing under this covenant not to sue and this Consent Decree. Nothing in this provision is intended to waive any claims or defenses for actions allowed to be brought in the future, nor is it a waiver of any pre-suit notice requirement established by law.

20. Within seven (7) days of entry of this Consent Decree, WDFW shall pay the Conservancy's reasonable litigation expenses incurred in this matter, including costs and fees (including attorneys' and retained litigation expert fees), in the amount of twenty-three thousand dollars ($23,000.00), in full and complete satisfaction of any claims the Conservancy may have, either legal or equitable, for any award of litigation expenses, including costs and fees. Such

CONSENT DECREE - 7
No. 2:19-cv-00612-JLR

KAMPMEIER & KNUTSEN, PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

payment shall be made by check payable to "Kampmeier & Knutsen, PLLC" and mailed to Kampmeier & Knutsen, PLLC, 221 S.E. 11th Avenue, Suite 217, Portland, Oregon 97214. This Consent Decree embodies the provisions of an agreed settlement and is thus subject to the provisions of Federal Rule of Evidence 408.

### III. RETENTION OF JURISDICTION AND DISPUTE RESOLUTION.

21. The Court will retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the Parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance with, and/or resolve any dispute regarding the terms or conditions of this Consent Decree until the Consent Decree terminates under paragraph 24.

22. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties will first attempt to informally resolve the dispute through conferral between the Parties. The dissatisfied Party shall provide the other Party written notice of the dispute and a request for conferral. The Parties shall thereafter confer in a good faith effort to resolve the dispute within seven (7) days of the notice for any dispute related to whether a proposed release of Skamania hatchery steelhead could potentially result in fish migrating to Puget Sound, including the Strait of Juan de Fuca and within ten (10) days of the notice for all other disputes. If the Parties are unable to resolve the dispute during the applicable period, a Party may thereafter file with the Court a motion to enforce the Consent Decree or seeking other appropriate relief, provided that this Consent Decree embodies the provisions of an agreed settlement and shall not, in the first instance, be enforceable through a proceeding for contempt of Court.

CONSENT DECREE - 8
No. 2:19-cv-00612-JLR

KAMPMEIER & KNUTSEN, PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

## IV. EFFECTIVE DURATION OF THE CONSENT DECREE.

23. This Consent Decree shall be effective upon its entry by the Court.

24. This Consent Decree and all obligations, agreements, commitments, and covenants under it shall terminate eight (8) years after its entry by the Court.

## V. NOTICE AND CORRESPONDENCE.

25. Any notice or correspondence made with respect to this Consent Decree shall be in writing and shall be effective on the date it is delivered. Electronic mail shall be deemed delivered when it is issued, unless the sender receives notification that the electronic mail was not deliverable. Notice shall be provided as follows:

**Notice to the Conservancy:**

Kurt Beardslee
Wild Fish Conservancy
P.O. Box 402
Duvall, Washington 98019
Email: kurt@wildfishconservancy.org

And,

Brian A. Knutsen
Kampmeier & Knutsen, PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
Email: brian@kampmeierknutsen.com

**Notice to WDFW:**

Kelly Susewind, Director
Washington Department of Fish & Wildlife
P.O. Box 43200
Olympia, Washington 98504-3200
Email: Kelly.Susewind@dfw.wa.gov

And,

Michael S. Grossmann
Noelle L. Chung
Office of the Attorney General
P.O. Box 40100
Olympia, Washington 98504-0100
Email: mikeg1@atg.wa.gov
Email: noellec@atg.wa.gov

Upon written notice to the other Party, any Party may designate a successor contact for any matter relating to this Consent Decree;

CONSENT DECREE - 9
No. 2:19-cv-00612-JLR

KAMPMEIER & KNUTSEN, PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

Case 2:19-cv-00612-JLR   Document 6-1   Filed 04/30/19   Page 10 of 11

## VI. RELEASE OF CLAIMS AND RESERVATION OF RIGHTS.

26. This Consent Decree is in full satisfaction of the Conservancy's allegations and claims alleged in the notice letter and complaint and this Consent Decree constitutes a full release of such claims upon its entry by the Court.

27. Nothing in this Consent Decree affects the Conservancy's ability to challenge any evaluation, authorization, or exemption from liability issued under the ESA, the National Environmental Policy Act or otherwise for any Skamania hatchery steelhead facility and/or program owned and/or operated by WDFW and/or the State of Washington.

28. Nothing in this Consent Decree affects the Conservancy's ability to challenge WDFW's implementation of a Skamania hatchery steelhead facility and/or program owned and/or operated by WDFW and/or the State of Washington in the Puget Sound region upon the termination of this Consent Decree under paragraph 24.

## VII. MUTUAL DRAFTING AND CONSTRUCTION.

29. It is expressly understood and agreed that this Consent Decree was jointly drafted by the Parties. Accordingly, the Parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

30. This Consent Decree is the entire agreement between the Parties in this case. All prior conversations, meetings, discussions, drafts, and writings of any kind are specifically superseded by this Consent Decree.

## VIII. EXECUTION OF CONSENT DECREE.

31. This Consent Decree may be executed in any number of counterpart originals, each of which will be deemed to constitute an original agreement, and all of which shall constitute one agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

CONSENT DECREE - 10
No. 2:19-cv-00612-JLR

KAMPMEIER & KNUTSEN, PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

32. Signature on a counterpart or authorization of an electronic signature shall constitute a valid signature.

ENTERED and DATED this 2nd day of May, 2019.

_____
HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented by:

KAMPMEIER & KNUTSEN, PLLC

By: s/ Brian A. Knutsen
    Brian A. Knutsen, WSBA No. 38806
    Counsel for Plaintiff

OFFICE OF ATTORNEY GENERAL
OF WASHINGTON

By: s/ Michael S. Grossmann
    Michael S. Grossmann, WSBA No 15293
    Counsel for Defendants

CONSENT DECREE - 11
No. 2:19-cv-00612-JLR

KAMPMEIER & KNUTSEN, PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515